J-S35038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
v.  :
:
RONALD L. SMITH,  :
:
Appellant  :  No. 543 EDA 2013

Appeal from the PCRA Order June 20, 2000
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-1018353-1992

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E. and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:  **FILED JUNE 08, 2016**

Ronald L. Smith ("Smith") appeals, *pro se*, from the Order dismissing

his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

We affirm.

The PCRA court set forth the relevant factual and procedural history in

its Opinion, which we adopt herein for purposes of this appeal.  **See** PCRA

Court Opinion, 12/3/14, at 1-3.

On appeal, Smith raises the following issues for our review:

1. Whether [direct appeal] counsel was ineffective for failure to
   assert [that the] trial court's finding of facts violated both
   Pennsylvania and federal constitutional search and seizure
   [*sic*] when trial judge['*s*] finding of facts were [*sic*] contrary
   to clearly established law[,] when homicide detectives illegally
   and forcibly entered property without consent of any resident
   that leased the unit []?

2. Whether trial counsel was ineffective for failing to object to
   the trial court's charges to the jury on accomplice liability and

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

first[-]degree murder that were prejudicially [*sic*] and erroneous[,] and violated due process of the law[,] and permitted conviction on less than proof of every elements [*sic*] of the crime charged beyond a reasonable doubt []?

3. Whether trial counsel was ineffective for failing to object to the trial court's charges to the jury on criminal conspiracy that wer[e] prejudicial[] and erroneous[,] and violated due process of the law[,] and permitted conviction on less than proof of every element[] of the crime charged beyond a reasonable doubt []?

4. Whether the trial court erred in denying [Smith's] 1997 PCRA Petition without holding an evidentiary hearing?

5. Whether [Smith's] first PCRA was uncounseled when PCRA counsel denied [Smith] effective assistance of counsel[,] violated [Smith's] due process and equal protection of the law [*sic*]?

Brief for Appellant at 4 (capitalization omitted, issues renumbered for ease of disposition).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first issue, Smith contends that the PCRA court erred by finding no merit to his claim that direct appeal counsel was ineffective for failing to assert that the trial court's "findings of fact violated both Pennsylvania and [f]ederal Constitutional search and seizure [law] when homicide detectives forcibly and illegally entered [Smith's] property without consent, but through

[the consent of the] apartment manager." Brief for Appellant at 41. Smith asserts that the trial court improperly found that the apartment manager had lawfully consented to a search by homicide detectives of Smith's apartment. *Id*. Smith claims that, when the detectives arrived at the apartment, none of the tenants were there to provide consent to a search of the apartment. *Id*. at 42. Smith argues that the testimony of Secouyah West, Smith's girlfriend, constitutes fruit of the poisonous tree because her consent followed the initial unlawful intrusion. *Id*. at 44. Smith contends that, because the initial entry was unlawful, the seizure of evidence based on a subsequently obtained warrant was also fruit of the poisonous tree. *Id*. at 45.[2]

The PCRA court set forth the relevant law, thoroughly addressed Smith's first issue, and determined that the issue was waived and otherwise lacked merit. *See* PCRA Court Opinion, 12/3/14, at 4-9. We agree with the reasoning of the PCRA court, which is supported by the evidence of record and is free of legal error, and affirm on this basis as to Smith's first issue. *See id*.

---

[2] In his appellate brief, Smith also claims that trial and PCRA counsel were ineffective for failing to raise this issue. Brief for Appellant at 47. However, Smith's claim regarding trial counsel's ineffectiveness was not raised in his Amended PCRA Petition filed by his PCRA counsel, Timothy Golden, Esquire ("Attorney Golden"); therefore, the claim was not preserved for our review. As to PCRA counsel, our review discloses that this issue was raised in the Amended Petition filed by Attorney Golden.

As Smith's second and third issues are related, we will address them together. In his second issue, Smith contends that trial counsel was ineffective because he failed to (1) request the trial court to instruct the jury that the Commonwealth was required to prove that Smith had a specific intent to kill in order to convict him of first-degree murder, and (2) object to the improper instruction provided by the trial court. Brief for Appellant at 17. Smith asserts that the trial court instructed the jury on a general theory of accomplice liability, "which annoyingly transformed into a defective murder in the first degree instruction." *Id*. Smith argues that the trial court's instruction was so egregious that it denied Smith his state and federal constitutional rights to due process. *Id*. at 21. Smith contends that this issue is not waived because "this is [his] first opportunity [] to raise this issue due to hybrid[] representation during the litigation of his first PCRA [P]etition." *Id*. at 27.

In his third issue, Smith contends that trial counsel was ineffective because he failed to object to the trial court's jury instruction regarding criminal conspiracy, "which transformed into a defective murder in the first degree instruction." *Id*. at 29. Smith asserts that the instruction provided by the trial court was "general, ambiguous and confusing, and devoid of legal definition of the elements of each offense charged." *Id*. at 32. Smith further claims that all subsequent counsel were ineffective for not raising these issues. *Id*. at 17, 29.

The PCRA court set forth the relevant law, addressed Smith's second and third issues, and determined that these issues were waived, as they were not raised in the Amended PCRA Petition filed by Attorney Golden. **See** PCRA Court Opinion, 12/3/14, at 9-10.[3] We agree with the sound reasoning of the PCRA court, which is supported by the evidence of record and is free of legal error, and affirm on this basis as to Smith's second and third issues. **See id**.

In his fourth issue, Smith contends that the PCRA court erred by dismissing the Amended PCRA Petition without conducting a hearing. Brief for Appellant at 48. Smith asserts that he requested an evidentiary hearing, but the PCRA court did not conduct a hearing prior to dismissing the Amended Petition. **Id**. at 49.[4] Smith claims that the PCRA court was required to conduct an evidentiary hearing because Smith's ineffectiveness claims raised issues of material fact. **Id**.

---

[3] Although these issues were raised by Smith in his *pro se* Petition, they were not raised in the Amended Petition filed by Attorney Golden. However, as Smith was represented by counsel, the PCRA court was not required to consider the issues that Smith had raised in his *pro se* Petition. **See Commonwealth v. Pursell**, 724 A.2d 293, 302 (Pa. 1999) (holding that "[w]e will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represents those defendants"); **see also Commonwealth v. Willis**, 29 A.3d 393, 400 (Pa. Super. 2011) (holding that the PCRA court had erred in permitting dual representation during the disposition of the petitioner's PCRA petition).

[4] Our review of the PCRA court's docket, as well as the certified record, discloses no request for an evidentiary hearing filed by Smith.

"There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (citation omitted); *see also* Pa.R.Crim.P. 907(2). A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. *See Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Here, Smith has failed to demonstrate that any of the claims presented to the PCRA court in the Amended Petition raised a genuine issue concerning any material fact. Accordingly, we discern no error by the PCRA court in dismissing the Amended Petition without a hearing.

In his final issue, Smith contends that, following the filing of his *pro se* PCRA Petition, the PCRA court appointed Attorney Golden as PCRA counsel. Brief for Appellant at 9. Smith asserts that Attorney Golden thereafter filed a "boiler-plate [A]mended [P]etition raising five [] different issues with no supporting facts and law, and deliberately omitted [the claims that Smith had raised in his *pro se* Petition]." *Id*. Smith claims that he instructed Attorney Golden to supplement the Amended Petition to include the issues raised by Smith in his *pro se* Petition. *Id*. at 10. Smith further argues that

- 6 -

Attorney Golden failed to respond to the PCRA court's Notice of its intent to dismiss the Petition, despite Smith's request that he do so. *Id*. at 10-11. Smith contends that Attorney Golden never filed any petition asserting that Smith's *pro se* claims were without merit. *Id*. at 13. Smith asserts that, although he filed a *pro se* response to the PCRA court's Notice of its intent to dismiss the Amended Petition, the PCRA court dismissed the Amended Petition, without considering the issues raised in Smith's *pro se* Petition.[5] *Id*. at 11. Smith claims that Attorney Golden's actions should be regarded as abandonment of counsel, in violation of his right to effective counsel in the pursuit of his first PCRA Petition. *Id*. Smith argues that, as a result of Attorney Golden's actions, his first PCRA Petition was uncounseled, and the PCRA court erred by dismissing it. *Id*. at 13.

---

[5] Contrary to Smith's assertions otherwise, our review of the PCRA court docket reveals no correspondence from Smith to the PCRA court during the time period between the PCRA court's May 10, 2000 Notice of its intent to dismiss the Amended Petition and its June 20, 2000 Order dismissing the Amended Petition. Similarly, our review of the certified record discloses no correspondence from Smith to Attorney Golden during this time period. The certified record contains only one piece of correspondence from Smith to Attorney Golden, dated January 4, 1999, wherein Smith indicated that he "liked most of the issues" that Attorney Golden had raised in the Amended Petition, but he requested that Attorney Golden expand one of the issues, and file a memorandum of law to accompany the Amended Petition. *See* Smith Letter, 1/4/99, at 1. Nevertheless, Smith has attached to his brief numerous letters that he purportedly sent to Attorney Golden and the PCRA court during this time fame (including a type-written letter dated May 2001 that was included in the certified record, but which, as attached to Smith's brief, had been altered by a hand-written notation to indicate May 2000). However, because these items are not part of the certified record, we are unable to consider them. *See Ford*, 44 A.3d at 1194 (providing that "our review is limited to the findings of the PCRA court and the evidence of record").

Smith has not raised the issue of Attorney Golden's ineffectiveness/abandonment before the PCRA court; therefore, the issue is not properly before this Court. **See Commonwealth v. Henkel**, 90 A.3d 16, 21-30 (Pa. Super. 2014) (providing a thorough discussion of this issue, and concluding that, under current Supreme Court precedent, a PCRA petitioner cannot assert claims of PCRA counsel ineffectiveness for the first time on appeal).

Having reviewed the evidence in the light most favorable to the prevailing party at the PCRA level, and having determined that the PCRA court's rulings are supported by evidence of record and are free of legal error, we affirm the PCRA court's Order dismissing Smith's amended PCRA Petition. **See Ford**, 44 A.3d at 1194.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/2016

**fIN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA   :   COURT OF COMMON PLEAS

:   PHILADELPHIA COUNTY

FILED

vs.          :   NO. CP-51-CR-1018353-1992

DEC 0 3 2014   :

RONALD SMITH       :

Criminal Appeals Unit
First Judicial District of PA

## OPINION

Defendant, Ronald Smith, was convicted by a jury of the crimes of first-degree murder, robbery, possessing an instrument of crime, and criminal conspiracy after a trial presided over by the Honorable James J. Fitzgerald, III.[1] Following a penalty hearing, the jury fixed the penalty at life imprisonment. Justice Fitzgerald thereafter imposed upon defendant the sentence of life imprisonment as well as an aggregate sentence of ten to twenty years on the remaining charges. These charges arose out of an incident during which defendant and his accomplices robbed a variety store. During the robbery, the proprietor of the store was shot and killed.[2]

Following the imposition of sentence, defendant appealed to the Superior Court, which on November 27, 1996, issued a memorandum and order affirming the judgment of sentence. Subsequent thereto, the Pennsylvania Supreme Court denied defendant's petition for allowance of appeal. Commonwealth v. Smith, 688 A.2d 1231, (Pa. Super. 1996), appeal denied, 695 A.2d 785 (Pa. 1997).

---

[1] Justice Fitzgerald was appointed to the Supreme Court of Pennsylvania following the trial herein and served as a justice on that Court for nine months.

[2] For a more detailed synopsis of the facts, please see Justice Fitzgerald's opinion filed June 12, 1996.

1

On December 5, 1997, defendant filed his first petition pursuant to the Post-Conviction Relief Act (PCRA). 42 Pa.C.S. § 9541 *et. seq.* Following the appointment of counsel and the filing of an amended petition, Justice Fitzgerald dismissed the petition without a hearing on June 6, 2000. Defendant appealed to the Superior Court, which on February 20, 2001, dismissed the appeal because no brief was filed. Commonwealth v. Smith, 2224 EDA 2000. After the Superior Court dismissed his appeal, defendant filed a second PCRA petition on April 3, 2001, wherein he asked that his right to appeal the dismissal of his first PCRA be reinstated. Justice Fitzgerald granted defendant the relief he sought after which defendant appealed to the Superior Court. On August 5, 2005, the Superior court quashed the appeal after finding that defendant's second PCRA petition had been untimely filed. The Supreme Court of Pennsylvania thereafter denied defendant's petition for allowance of appeal. Commonwealth v. Smith, 885 A.2d 585, (Pa. Super. 1996), appeal denied, 899 A.2d 1123 (Pa. 2006).

On September 30, 2007, defendant filed a third PCRA petition, which this Court denied without a hearing on February 20, 2009. In that petition, defendant argued that his third PCRA petition was timely filed and that he was entitled to have his appeal from the dismissal of his first PCRA petition reinstated pursuant to Commonwealth v. Bennett, 930 A.2d 1264 (Pa. 2007), because he was abandoned by the attorney representing him on appeal from the order dismissing his first PCRA petition and in Bennett, the Supreme Court recognized a new constitutional right having retroactive application. Defendant filed an appeal, as well as a requested Pa.R.A.P. 1925(b) statement, following the filing of this Court's order dismissing his third PCRA petition.

2

On December 1, 2011, the Superior Court vacated this Court's order denying defendant post-conviction relief and remanded the matter with instructions that this Court address the issues defendant raised in his third PCRA petition. Commonwealth v. Ronald L. Smith, 35 A.3d 766 (Pa. Super. 2011). The Commonwealth thereafter unsuccessfully sought further review in the Pennsylvania Supreme Court. Commonwealth v. Ronald L. Smith, 53 A.3d 757 (Pa. 2012).

Upon remand and after considering defendant's claims, this Court granted defendant the right to file a notice of appeal *nunc pro tunc* from the order denying his first PCRA petition. Defendant thereafter filed a timely notice of appeal and a requested Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal.[3]

**DISCUSSION**

In his 1925(b) statement, defendant raises several claims of ineffectiveness of counsel and also alleges that this Court erred by not granting him hearings on those claims. In reviewing the propriety of a PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may

---

[3] Following remand, counsel was appointed to represent defendant. After his appellate rights were reinstated and counsel filed a 1925(b) statement, defendant filed a motion requesting that he be permitted to represent himself on appeal. This Court held a hearing on that claim on May 2, 2014, at the conclusion of which appointed counsel was relieved and defendant was permitted to represent himself on appeal from the denial of his first PCRA petition. Defendant thereafter petitioned the Superior Court to remand the matter for the filing of a supplemental 1925(b) statement. Said supplemental statement was filed on October 6, 2014.

3

decline to hold a hearing on the petition if the petitioner's claims are patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576, 581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation. Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, a defendant must establish all of the following three elements, as set forth in Commonwealth v. Charles Pierce, 527 A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness.

4

Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic, which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim, is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by trial counsel was designed to effectuate his or her client's interest. Id. With regard to the second element, defendant must prove that "an alternative [action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, 30 A.3d at 1127, citing Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Chmiel, 30 A.3d at 1127-28, citing Dennis, 950 A.2d at 954.

Further, "[i]f it is clear that if a defendant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." Commonwealth v. Rios, 920 A.2d 790, 799 (Pa. 2007), citing Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998). A PCRA proceeding requires a defendant to establish that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken

place." Rios, 920 A.2d at 799, citing Commonwealth v. Michael Pierce, supra, 786 A.2d 203, 221–22 (Pa. 2001); Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999).

In his *pro se* 1925(b) statement defendant first complains that Justice Fitzgerald erred by denying him PCRA relief on a claim alleging that appellate counsel was ineffective for failing to assert on direct appeal that the findings of fact made by Justice Fitzgerald following the hearing on defendant's motion to suppress were contrary to law with regard to the entry by police into an unidentified property. According to defendant, the entry was illegal because it was made without consent of any lessee of the property.

No relief is due here because defendant has failed to articulate in his 1925(b) statement or the amended petition what findings of fact made by Justice Fitzgerald were contrary to law. In addition, he has failed to set forth in his 1925(b) statement the location or address of the residence his first issue refers to or when the alleged illegal entry occurred, thereby making it impossible for this Court to ascertain the exact nature of defendant's complaint given that police searched at least two residences. The Superior Court has stated "when issues [in a Rule 1925(b) statement] are too vague for the trial court to identify and address, that is the functional equivalent of no concise statement at all." Commonwealth v. Smith, 955 A.2d 391, 393 (Pa. Super. 2008) (en banc) (citation omitted). Thus, "when an appellant fails to identify in a vague Pa.R.A.P. 1925(b) statement the specific issue he/she wants to raise on appeal, the issue is waived[.]" Commonwealth v. Lemon, 804 A.2d 34, 38 (Pa. Super. 2002).

Moreover, a review of defendant's PCRA filing indicates that he failed to set forth sufficient argument explaining why Justice Fitzgerald's findings of fact were contrary to constitutional dictates. The law is clear that a PCRA litigant has the burden of articulating

6

the facts and circumstances justifying the grant of relief. See Commonwealth v. Begley, 780 A.2d 605 (Pa. 2001) (a defendant who is alleging ineffectiveness must set forth an offer to prove sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective); Commonwealth v. Collins, 687 A.2d 1112 (Pa. 1996) (Opinion Announcing The Judgment Of The Court) (PCRA petitioner must present facts supporting each issue; where the necessary factual allegations are not supported by the available record petitioner must identify specific documents, affidavits, and other evidence that would support the allegations); see also Commonwealth v. Durst, 559 A.2d 504 (Pa. 1989). In his *pro se* petition, which has no legal significance because defendant was represented by counsel at the time, defendant merely interprets the facts adduced at his suppression hearing in a light most favorable to himself and then argues that given "his" facts the law entitled him to relief. Defendant is mistaken because a careful review of the record in this case shows that Justice Fitzgerald's findings of facts are supported by the record as are his conclusions of law.

Another reason defendant is not entitled to relief is that he has failed to "layer" his claim of ineffectiveness and allege that trial counsel was ineffective in the first instance for failing to object to or challenge Justice Fitzgerald's findings of fact.[4] "To establish the arguable merit prong of a claim of appellate counsel ineffectiveness for failure to raise a claim of trial counsel ineffectiveness, the petitioner must prove that trial counsel was

---

[4] Defendant was represented by a new attorney on direct appeal and his direct appeal was decided prior to the decision issued by the Supreme Court in Commonwealth v. Grant, 813 A.2d 726, 738 (2002), which held that claims of ineffectiveness of counsel should, generally, be raised in a PCRA petition. Thus, he was obliged to raise any claim of ineffectiveness of trial counsel on direct appeal. See Commonwealth v. Hubbard, 372 A.2d 687 (Pa. 1977) (holding that to avoid waiver a defendant is required to raise claims of ineffectiveness at the earliest opportunity). Defendant did not raise a claim on direct appeal alleging that trial counsel was ineffective for failing to object on constitutional grounds to Justice Fitzgerald's findings of fact and, therefore, the issue should be deemed waived for this reason as well. See Commonwealth v. McGill, 832 A.2d 1014, 1022 (Pa. 2003).

ineffective under the three-prong [Commonwealth v.] Pierce, [527 A.2d 973, (Pa. 1987),] standard." Commonwealth v. Paddy, 15 A.3d 431, 443 (Pa. 2011). Thus, because defendant did not allege that trial counsel was ineffective in his 1925(b) statement and also did not apply the three-part ineffectiveness test to both trial and appellate counsel in any filing relief should be denied with respect to this claim.

Finally, even if the instant claim is not deemed waived relief should be denied because a review of the record of the suppression hearing indicates that no error occurrd in denying defendant's suppression motion. Although defendant's issue is not clear it appears that he's arguing that the entry by police into Apartment C-108 at 3800 Sheaff Lane, on September 5, 1992, which at the time was leased by defendant's alleged girlfriend, Secquoyah West was illegal because police had not obtained a warrant or valid consent to enter the residence, and therefore, any subsequent entry was also illegal as they were fruits of the initial illegal entry.

The record shows that prior to defendant's arrest, police entered the residence on September 5, 1992, without a warrant with the assistance of the apartment manager. The entry was made solely to ascertain whether persons were present inside it because Ms. West had called the apartment manager and said that she wanted to retrieve her belongings and was afraid to do so because defendant had a shotgun. Police thereafter entered the apartment solely to make sure that no one was there who could endanger Ms. West. Police did not conduct a search at that time and although police observed a shotgun holster while inside the apartment, they did not seize anything. (N.T. 2/17/ 94, 7-17, 21-43). Given that defendant's alleged girlfriend was tenant of the apartment and she consented to an entry of the apartment by police and the apartment manager, the police

8

had the right to enter the apartment for the safety of Ms. West. The law is clear that a tenant having dominion and control over a residence may give consent to police to enter that residence. See Commonwealth v. O'Donnell, 740 A.2d 198, 205-206 (Pa. 1999) (search of residence was not illegal where tenant gave consent). (N.T. 2/17/94, 83-85).

Consequently, because police had the right to enter the apartment both for the safety of Ms. West and because Ms. West consented to the entry, defendant's claim that Justice Fitzgerald's findings of fact and conclusions of law in support of his decision finding that the warrantless entry did not violate constitutional dictates lacks merit. Accordingly, it is suggested that relief be denied with respect to this claim for all of the above stated reasons.

Defendant's second and third issues assert that the "trial" court erred by denying PCRA claims alleging that trial counsel was ineffective for not objecting to jury instructions involving accomplice liability as it relates to first degree murder as well as the court's instruction on criminal conspiracy. The issues should be deemed waived because they were not included in defendant's amended petition. As noted above, defendant was not entitled to hybrid representation during the litigation of his PCRA petition and, thus, any issue not raised in the amended petition has been waived even if it was raised in a *pro se* filing.[5]

In addition, the claims should be considered waived because they were not raised on direct appeal when defendant was represented by counsel other than the one he claims

---

[5] Both claims were raised in defendant's pro se PCRA petition.

was ineffective. See Hubbard, supra. Accordingly, it is suggested that no relief be granted with respect to these two issues.[6]

In his fourth issue, defendant contends that the trial court erred in denying his PCRA claim that asserted that trial counsel was ineffective for failing to challenge the admissibility of both a written consent form given by defendant to police and his inculpatory statement to police on the ground that they were fruits of an illegal arrest and therefore inadmissible. The issue should be deemed waived because it was not raised previously by defendant. See Commonwealth v. Williams, 899 A.2d 1060, 1066 n.5 (Pa. 2006) (holding that issues not raised in PCRA petition cannot be considered for first time on appeal); see also Pa.R.A.P. 302(a); 42 Pa.C.S.A. § 9544(b). It also should be deemed waived because defendant did not raise it on direct appeal while represented by counsel other than trial counsel. Accordingly, it is suggested that this claim be deemed waived.

Fifth, defendant asserts that the "trial" court erred by denying him relief on a claim alleging that that trial counsel was ineffective for not objecting to the admission of "a non-testifying accomplice untested confession," on constitutional grounds. As was the case with the previous issue, the claim should be deemed waived both because it was not raised previously and was not raised on direct appeal. Moreover, even if the claim had been preserved, given that it lacks any citation to the record, the identity of the alleged accomplice, or the confession in question, it is too vague to address and should be deemed waived for this reason as well.

_____

[6] It is noted that the trial court did instruct the jury that to convict a defendant of first degree murder either as an accomplice or co-conspirator, it had to find that the defendant "possessed" and/or "shared" the specific intent to kill with the actual killer. (N.T. 3/7/94, 184, 200-201). This charge, when read as a whole, complied with the law. In Commonwealth v. Daniels, 600 Pa. 1, 963 A.2d 409 (2009), a charge similar to the one given herein was determined to be proper when considered together with the trial court's entire jury charge.

10

Next, defendant asserts that the "trial" court erred by denying him relief on a claim alleging that that appellate counsel was ineffective for not raising a claim alleging that error was committed at trial by allowing the admission in evidence of defendant's prior robbery conviction because that conviction occurred more than ten years prior to the date of defendant's trial. This issue was adequately addressed by Justice Fitzgerald in his opinion dated December 12, 2000, (page 4) and the claim should be denied for the reasons stated by Justice Fitzgerald.

In his penultimate claim, defendant argues that the "trial" court erred by denying him PCRA relief in the absence of an evidentiary hearing. No relief should be forthcoming on this claim because it is clear that none of the issues raised before the PCRA Court had any merit and were patently frivolous.

Finally, in his eighth and final issue defendant appears to be claiming that he was unrepresented when the PCRA Court dismissed his PCRA petition. Apart from the fact that the claim is vague and almost indecipherable, no relief should be granted thereon because it was not raised previously and cannot be raised for the first time on appeal.

## CONCLUSION

Based on the foregoing, this Court suggests that the order denying defendant PCRA relief be affirmed.

By the Court,

DATE: 12/2/14

_____
Honorable Jeffrey P. Minehart

11